87 F.3d 1315
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl A. TATE-BEY, Plaintiff-Appellant,
v.
Joseph McCARROLL; Gary M. Gabry; and Michigan Parole
Board, Defendants-Appellees.
 No. 95-1876.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1996.
 
 1
 Before: NELSON and MOORE, Circuit Judges; CLELAND, District Judge.*
 
 ORDER
 
 2
 Carl A. Tate-Bey, pro se, appeals a district court order granting summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.R. 34(a).
 
 
 3
 Tate-Bey is an inmate incarcerated at the Hiawatha Correctional Facility in Kincheloe, Michigan. In his complaint and amended complaint, Tate-Bey claimed that his right to equal protection of the law, as protected by the Fourteenth Amendment, was violated on December 7, 1993, when he was denied parole. Tate-Bey alleged that defendant McCarroll, who made the decision to deny him parole, made a notation on the parole review form indicating that Tate-Bey was wearing a Melanic Temple Fez to the hearing. Accordingly, Tate-Bey concluded that he was denied parole on an impermissible basis, i.e., his race and religion. He sought declaratory, injunctive, and monetary relief.
 
 
 4
 The defendants filed a motion for summary judgment. The matter was referred to a magistrate judge who issued a report recommending that summary judgment be granted in favor of the defendants. Despite Tate-Bey's objections, the district court adopted the report and recommendation as the opinion of the court. This appeal followed.
 
 
 5
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 6
 While lawful imprisonment does deprive convicted prisoners of many rights, Hudson v. Palmer, 468 U.S. 517, 524 (1984), inmates still retain limited constitutional protection including the right to equal protection under the laws. See Lee v. Washington, 390 U.S. 333, 333-34 (1968). To establish a violation of the Equal Protection Clause, an inmate must show that the defendants purposefully discriminated against him. General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982); Village of Arlington Heights v. Metropolitan Hous.Dev.Corp., 429 U.S. 252, 265 (1977); Poe v. Haydon, 853 F.2d 418, 430 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989) (citing Personnel Adm'r of Massachusetts v. Feeney, 442 U.S. 256, 276 (1979)). Such discriminatory purpose must be a motivating factor in the actions of the defendants. Arlington Heights, 429 U.S. at 265-66. The presentation of evidence of purposeful discrimination shifts the burden to the prison officials; they must then produce some evidence that the same decision would have resulted absent the impermissible intent or purpose. Id. at 270 n. 21. However, the plaintiff bears the ultimate burden of proving that the injury complained of was due to improper consideration of a discriminating purpose. Id.
 
 
 7
 In this instance, Tate-Bey has not shown that a discriminatory intent or purpose played any part in the denial of parole. A review of Tate-Bey's parole records shows that Tate-Bey was not denied parole on the basis of his race or religion. Rather, Tate-Bey was denied parole because of his criminal history, the nature of his crime, and the fact that he presented a very high risk to the community. Tate-Bey's prior criminal record includes two felony convictions, one being an assaultive felony, and three instances of probation, delayed sentence, and parole failures. In short, the objective factors, developed prior to December 7, 1993, all indicate that Tate-Bey would not have been paroled on December 7, 1993, even if Tate-Bey had not worn religious garb to his parole hearing and defendant McCarroll had not made notation of this apparel. Thus, the district court properly granted summary judgment for the defendants. No rational trier of fact would find that Tate-Bey would have been released on parole had the alleged impermissible factors of Tate-Bey's religion and race not been considered.
 
 
 8
 To the extent that Tate-Bey's complaint requested injunctive relief, i.e., a new parole hearing, his claim has been rendered moot because he received a second parole hearing on January 20, 1995. See Brock v. International Union, UAW, 889 F.2d 685, 692-93 (6th Cir.1989). To the extent that Tate-Bey sought monetary damages against the defendants in their official capacity, this claim fails because they are not subject to suit for monetary damages under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation